IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SPEECH FIRST, INC.,

    *Plaintiff*,

v.

MARK SCHLISSEL, et al.,

    *Defendants*.

Civil Action 2:18-cv-11451-LVP-EAS

## PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Plaintiff Speech First, Inc. ("Speech First") partially opposes defendants' request for 45 days to respond to Speech First's motion for preliminary injunction.

Under Local Rule 7.1(e)(2), a response to a non-dispositive motion must be filed within 14 days after service. Defendants' response is currently due on May 25, 2018. Given that this is an important case raising several weighty constitutional issues, Speech First would not oppose granting Defendants 30 days to file their response. But granting them 45 days, which would more than *triple* the deadline established by this Court's local rules, is unjustified. This case alleges that the University's policies are chilling protected speech and expression, and "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S.

1

347, 373 (1976). It is understandable why Defendants want to avoid judicial review for as long as possible. But requests for preliminary injunctions in cases far more complex than this challenge to University speech policies can be (and often are) litigated without any extension—let alone one this lengthy.

Although Defendants now assure the Court that Speech First's members will not face disciplinary action for voicing the *specific* views set forth in the Complaint, they have not even attempted to square those assurances with the actual text of the University's bans on "harassment" and "bias incidents." Nor have Defendants tried to explain where the line between the "freedom of expression" and "vigorous discourse" they claim to celebrate and the "harassment" and "bias" they punish might be. Blessing specific views once you are sued for having policies that chill speech does not make this serious First Amendment problem go away. Speech First's members cannot be forced to guess as to what speech will subject them to discipline nor be required to preclear their speech with Defendants to ensure it is acceptable.

The University's assurances, in short, prove why Speech First brought this suit in the first place and reinforce the need for judicial intervention before the school year begins. By leaving too much discretion to administrators, the University's amorphous and expansive disciplinary policies "invite[] arbitrary, discriminatory, and overzealous enforcement" and thus chill free speech. *Leonardson v. City of East Lansing*, 896 F.2d 190, 195-96 (6th Cir. 1990). Until these policies are enjoined, Speech First members will be denied the basic rights the First Amendment guarantees them.

## CONCLUSION

For the reasons set forth above, Speech First respectfully requests that the Court set a briefing schedule in which defendants' response to the preliminary injunction motion is due on June 11, 2018, Speech First's reply brief is due on June 25, 2018, and any oral argument is held as soon as practicable thereafter.

Respectfully submitted,

By: /s/ John A. Di Giacomo

Dated: May 17, 2018

John A. Di Giacomo (P73056)
REVISION LEGAL, PLLC
5024 Territorial Road
Grand Blanc, MI 48439
(231) 714-0100
john@revisionlegal.com

*Local Counsel*

William S. Consovoy
Jeffrey M. Harris
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3301 Wilson Boulevard
Suite 700
Arlington, VA 22201
(703) 243-9423

*Counsel for Plaintiff Speech First, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system. Pursuant to agreement with Defendants' counsel, an electronic copy of the foregoing was emailed to Defendants' counsel on May 17, 2018.

By: /s/ John A. Di Giacomo

John A. Di Giacomo (P73056)
REVISION LEGAL, PLLC
5024 Territorial Road
Grand Blanc, MI 48439
(231) 714-0100
john@revisionlegal.com